MEMORANDUM *
Robert Alan Wilson appeals the denial of his federal habeas petition challenging his conviction for violating California Penal Code § 69, resisting an executive officer. Wilson argues that there was insufficient evidence that Officer Ellison was performing a lawful duty, an element of § 69, to sustain a conviction. We reverse the district court and grant Wilson’s petition for habeas relief.
The state court decision denying Wilson’s sufficiency of the evidence claim was unreasonable under AEDPA. The state court’s conclusion that Officer Ellison was performing a lawful duty merely because Officer Ellison did not use excessive force in detaining Wilson effectively reads the “lawful duty” element out of § 69 and is thus contrary to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1] See Goldyn v. Hayes, 444 F.3d 1062, 1070 (9th Cir.2006). The state court’s decision would find an arbitrary, *747 malicious, or even knowingly illegal action by the officer to be “lawful.” Moreover, the decision relies on both the formal fallacy of denying the antecedent — concluding that because Officer Ellison’s action was not unlawful due to the use of excessive force, the action must have been lawful— and on an illogical application of § 69 to the privilege to use force against an officer who is using excessive force, see People v. Curtis, 70 Cal.2d 347, 74 Cal.Rptr. 713, 450 P.2d 33, 37 (1969).
Having concluded that the state court decision was unreasonable, we assess the substance of Wilson’s sufficiency claim without the deference that AEDPA otherwise requires. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir.2008) (en banc).[2] Wilson is correct that Kolender v. Lawson, 461 U.S. 352, 361, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), precluded a finding that Wilson’s detention was justified by California Penal Code § 647(e). Because federal courts are bound by the state court’s construction of § 647(e), see BMW of N. Am. v. Gore, 517 U.S. 559, 577, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), the Supreme Court’s conclusion that § 647(e) was unconstitutionally vague applied to the statute itself. See also Kolender, 461 U.S. at 356-61, 103 S.Ct. 1855. We further agree with Wilson’s contention that there was insufficient evidence to find that Wilson’s detention was lawful under California Penal Code § 647(f). Section 647(f) requires that the individual be so intoxicated that he or she is impeding the use of a public right of way or is “unable to exercise care for his or her own safety or the safety of others.”[3] See CaLPenal Code § 647(f). The mere smell of alcohol, placement of a cup several feet from Wilson, and Wilson’s vulgar refusal to speak with the police simply did not provide Officer Ellison with reasonable suspicion to detain Wilson for possibly violating § 647(f). Cf. Sundance v. Mun. Court, 42 Cal.3d 1101, 232 Cal.Rptr. 814, 729 P.2d 80, 97 n. 17 (1986) (en banc) (noting the difficulty in proving that a defendant is intoxicated to this degree).
The district court decision is REVERSED and the petition for habeas corpus is GRANTED as to Wilson’s conviction under § 69.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. This error is particularly problematic because the defendant's use of force is an element of § 69. See Cal.Penal Code § 69; People v. Lacefield, 157 Cal.App.4th 249, 68 Cal.Rptr.3d 508, 513 (2007). The state court’s reasoning would find lawful any action by an officer, no matter how egregious, as long as the officer refrained from using excessive force.

. The dissent concludes that "the California Court of Appeal did not unreasonably apply precedent in holding that Ellison reasonably suspected that Wilson posed a danger to himself or others on account of public drunkenness.” The California Court of Appeal made no such holding. Instead, it rested its decision solely on the excessive force analysis we describe above.

. It is here in particular that the analysis by our colleague in dissent goes awry: there is no evidence suggesting a reasonable suspicion that Wilson, who was sitting down on the stairs and was neither slurring nor swaying, was dangerously intoxicated. While Officer Ellison may have been disconcerted by Wilson's rudeness, Wilson was within his rights to vulgarly reject the officer's efforts to question him. And although Officer Ellison may have preferred to talk to Wilson at the bottom of the stairs, absent reasonable suspicion that Wilson was committing a crime, Officer Ellison lacked authority to demand that Wilson move — without any evidence that Wilson was committing a crime, the dissent’s allusion to officer safety is bootstrapping. Finally, that the area where Officer Ellison encountered Wilson was one in which shopkeepers had complained of vandalism provides no evidence that Wilson in particular was committing a crime.